23-0863
*Singer v. Massachusetts Mutual Life Insurance Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand twenty-four.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**Rebeca Singer,**

> *Plaintiff-Appellant,*

v. No. 23-0863

**Massachusetts Mutual Life Insurance Company,**

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR APPELLANT:** | DAVID BENHAIM, (Meir Z. Goldberg, *on the brief*), Lipsius-Benhaim Law LLP, Kew Gardens, NY. |
| **FOR APPELLEE:** | NOLAN TULLY, Faegre Drinker Biddle & Reath LLP, Philadelphia, PA. |

\* \* \*

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Rebeca Singer appeals from a May 17, 2023 judgment of the district court granting summary judgment to Defendant-Appellee Massachusetts Mutual Life Insurance (MassMutual). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

At issue here is the life insurance policy of Israel Singer, of which Rebeca Singer, his wife, was the intended beneficiary. The Singers were to make payments on the policy on a semiannual basis, paying $644.74 twice a year. The

2

last premium payment on the policy was processed in July of 2019, after which no further payments were made. Subsequently, on November 11, 2019 and December 17, 2019, MassMutual sent Notices of Payment Due. The latter notice was a so-called Grace Notice sent pursuant to New York Insurance Law § 3211. These notices informed the Singers that payment on the policy was required by December 10, 2019 or the policy would lapse after a 31-day grace period. No payment was made, and the policy subsequently lapsed, after which MassMutual notified the Singers of the lapse. Israel Singer then died on April 11, 2020. As a result, Rebeca Singer initiated the present action, claiming that MassMutual failed to comply with the statutory notice requirements of New York Insurance Law § 3211.[1] The district court disagreed and granted summary judgment to MassMutual, which Singer now appeals.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom

---

[1] Singer's complaint also claimed breach of contract, but she does not raise those claims on appeal. Her breach of contract claims are therefore deemed abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

3

summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). We affirm the district court's grant of summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

On appeal, Singer claims that the December Grace Notice was defective and failed to comply with § 3211. Singer argues that: (1) the notice failed to state the minimum payment required to keep the policy in force, (2) the notice failed to identify a specific date when payment had to be made to avoid lapse of the policy, and (3) the notice was "confusing to the average reader." Appellant's Br. at 16. We address each of these arguments in turn.

New York Insurance Law § 3211(a)(1) provides that no life-insurance policy:

> shall terminate or lapse by reason of default in payment of any premium . . . unless, for scheduled premium policies, a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due.

N.Y. Ins. Law § 3211(a)(1).

The notice must state: (1) the amount of payment owed; (2) the date when

4

payment is due; (3) the place where and the persons to whom payment can be made; and (4) that, without such payment within the specified grace period, the policy will terminate or lapse. *See* N.Y. Ins. Law § 3211 (b)(2).

Under the terms of the policy here, the insured can elect a new premium payment frequency by giving "advance written notice" to MassMutual, or "as of any premium due date, without notice, by making a one time payment equal to the amount needed to keep the policy in force until the due date of the next premium for the elected frequency." Joint App'x at 42. It is undisputed that Singer did not provide advance written notice to MassMutual regarding a new premium.[2] Singer also failed to, by the December 10, 2019 "premium due date," pay a different premium. The premium due was therefore $644.74, as Singer made no effort to change that elected amount under the policy's terms.

Nevertheless, Singer argues that the notice was deficient because it should have stated the quarterly premium of $326.22, rather than the elected semiannual

---

[2] Singer alleges that a transcription of a phone call between her husband and a MassMutual representative in 2018 demonstrates that her husband at least "tried to change the premium payment frequency." Appellant's Br. at 12. However, the policy's terms explicitly require *written* notice to elect a change in the premium frequency. The phone call would have been insufficient.

5

premium of $644.74 provided. To advance this argument, Singer relies on an array of cases holding that an insurance company's failure to properly state the amount due, by listing an amount significantly greater than is required under the policy, constitutes a violation of § 3211. *See, e.g.*, *Halberstam v. Allianz Life Ins. Co. of N. Am.*, 349 F. Supp. 3d 164, 170 (E.D.N.Y. 2018) (holding that § 3211 was violated because the notice requested an "additional month's premium" which was not a "de minimis" misstatement). But the required amount is governed by the policy's express terms, which Singer fails to grapple with. As stated, Singer did not elect a new premium payment frequency of $326.22 either by providing advance written notice to MassMutual or paying that amount by the premium due date. The $644.74 premium provided in the notice was therefore not a misstatement of the amount due or greater than necessary. For that reason, the notice did not violate the statute.

Singer additionally argues that the notice's failure to state the exact date when the policy would lapse violated the statute. We disagree. As an initial matter, the December 17, 2019 notice unambiguously stated that the premium payment was due on December 10, 2019. Additionally, the notice provided that

the policy would lapse if Singer did not make the payment by the due date or within the 31-day grace period. Nothing in the statute suggests that the insurer's notice must contain the specific date, after the 31-day grace period, for when the policy will lapse. On the contrary, New York courts have interpreted language similar to that contained in the notice here to comply with § 3211. *See Cohen v. Companion Life Ins. Co.*, 2017 WL 2699957, at *1–2, *7 (N.Y. Sup. Ct. 2017), *aff'd*, 113 N.Y.S.3d 897 (App. Div. 2020).

Finally, Singer's argument that the notice was confusing to a layperson because it contained a due date of payment that had passed is unavailing. Nothing suggests that a reasonable person would not understand that the notice served to inform the insured that payment was overdue *and* must be made within the grace period, which had not yet passed, in order to prevent lapse of the policy.

\*     \*     \*

We have considered Singer's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court